# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MILTON CAMACHO PEREZ,

Petitioner,

vs.

JANET NAPOLITANO, Secretary of
Homeland Security, et al.,

Respondents.

CASE NO. 13cv1561-LAB (JMA)

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

Petitioner Milton Camacho Perez, a prisoner in federal custody, filed a petition pursuant to 28 U.S.C. § 2241. Perez, a Salvadoran national, is in custody awaiting removal, and requests either immediate release, or else reduction in the bond, which was set at $25,000.

The government filed a return to the petition, attaching documentary evidence. Although he was given leave to file a response to the government's return, he did not do so, nor did he challenge the authenticity or accuracy of any of the exhibits. Camacho Perez has not sought leave to amend his petition to add claims, update information, or make any other amendments. In fact, he has filed nothing since the government filed its return.

The petition raises a variety of arguments, most of which the Court has no authority to consider. The petition challenges the removal order. But the validity of that order has already been fully litigated, and the Ninth Circuit denied relief. (*See* Return to Pet., Exs. 2,

13cv1561

4–7.)  The petition also challenges the denials of his three requests to reopen.  The Ninth Circuit has denied relief on those issues, and its decisions are now final.[1]  (*See id.*, Exs. 14, 29–30, 34–35, 52.)  The Court has no authority to reconsider, amend, or overrule any of those decisions.

With regard to the amount of Camacho Perez's bond, the immigration judge set that at $25,000 after a full hearing, and gave detailed reasons for doing so.  (*See* Return to Pet., Exs. 21–28.)  He sought reconsideration, which was denied.  (*See id.*, Exs. 36–38.)  The government represents that the Board of Immigration Appeals determined the $25,000 bond was appropriate, and Camacho Perez has not disputed this representation.

The Court has jurisdiction under 28 U.S.C. § 2241 to review bond hearing determinations conducted pursuant to *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008).  *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).  The Court has authority to review only for constitutional claims and legal error, *id.*, and not discretionary decisions not involving constitutional violations.  *Id.* at 1202; *Gutierrez-Chavez v. INS*, 298 F.3d 824, 827, 829–30 (9th Cir. 2002).  And an immigration judge's individualized determination of the amount of bond is ordinarily not reviewable at all.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (citing 8 U.S.C. § 1226(e)) (holding that petitioner's claim that he was unable to afford the bond necessary for release from detention was not reviewable).  In other words, while the Court may review for legal error such as misinterpretation of the statute or whether a legally-adequate hearing was held, it has no authority to review a claim that the bond amount is excessively high.  *See Rivera v. Holder*, 307 F.R.D. 539, 546 (W.D. Wash., 2015).

The petition conflates several different legal requirements.  He cites authority holding that lengthy detentions without a hearing are impermissible, and authority addressing mandatory detention.  (Pet. at 5:13–7:8.)  But he is not being detained without bond, and he

---

[1] At the time the government filed its return, the mandate had not yet issued on the appeal of the third denial, and neither party alerted the Court when it did. But a review of the docket shows it has now issued.  *See Perez v. Holder*, 12-74202, docket number 34 (mandate).  The denials of all of Camacho Perez's appeals are therefore final.

13cv1561

has been given both an individualized bond hearing, and the opportunity to seek reconsideration.  He has not alleged, nor sought leave to amend his petition to allege that the hearing was inadequate, or that he has applied for any more bond reductions.

The petition's argument finally turns to the factors the immigration judge considered when setting bond, and argues that the judge incorrectly weighed them when setting bond. But, as noted, the Court has no authority to review this determination.  Camacho Perez's contention that he cannot afford to pay the bond does not alter this.  *See Prieto-Romero,* 534 F.3d at 1067.

The petition is **DENIED**.

**IT IS SO ORDERED**.

DATED:  May 12, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 3 -

13cv1561